NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER ALLEN,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF NEW JERSEY, et al.,**<br><br>Defendants. | Civil Action No. 09-4502 (MLC)<br><br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge,**

This matter comes before the Court upon Defendants State of New Jersey, Governor Jon Corzine, Patrick Reilly, Iris Figueroa, Purificacion Flores and Linda Butler's (collectively "Defendants") motion for a more definite statement. [Docket Entry No. 6]. The Court has reviewed Defendants' moving papers and considers Defendants' motion without oral argument pursuant to Fed.R.Civ.P. 78. The Court notes that Plaintiff has not filed any opposition to Defendants' motion. For the reasons stated more fully below, Defendants' motion for a more definite statement is GRANTED.

**I.     Background**

On September 2, 2009, Plaintiff, an employee at the State of New Jersey's Mental Health Advocacy Department, filed this lawsuit *pro se*. (Pl.'s Compl. at ¶ 4). Plaintiff named as Defendants the State of New Jersey, Governor Jon Corzine, Patrick Reilly (Director of the Mental Health Advocacy Department), Linda Butler (Manager of the Mental Health Advocacy Department), Iris Figueroa (secretary at the Mental Health Advocacy Department) and Purificacion Flores (attorney for the Mental Health Advocacy Department). (*Id*. at 1).

Plaintiff's Complaint contains very few factual allegations, though his claims appear to stem from allegedly discriminatory and otherwise unlawful employment actions taken by Defendants against him. Plaintiff alleges that Defendants discriminated against him based on his race, color, age, sex and national origin. (*Id*. at ¶¶ 1, 7 and 8). Specifically, Plaintiff claims that he was underpaid, undertitled, subject to retaliation and an environment of routine harassment and intimidation, denied access to the promotional system at work, unfairly mistreated, forced to work in a hostile work environment, defamed, and deprived of his constitutional rights. (*Id*. at ¶¶ 1 and 7). Further, Plaintiff alleges that Defendants discriminatory conduct was continuous and that it escalated after he filed complaints. (*Id*.). Plaintiff claims that Defendants engaged in the above described discriminatory and otherwise unlawful actions on "10-10-07 7-29-09 and after continuously." (*Id*. at ¶ 5). While Plaintiff specifically lists "failure to promote" as a complaint at issue in this lawsuit, he also complains of "other acts," however, instead of describing same, Plaintiff references Exhibits attached to his Complaint. (*Id*. at ¶ 7). Indeed, Plaintiff in Paragraph 9 of his Complaint states that "[a] copy of the charge to the U.S. Equal Employment Opportunity Commission is attached [as] Exhibit A to this Complaint and is submitted as a brief statement of the facts of my claim." (*Id*. at ¶9).

Defendants argue that Plaintiff's Complaint is insufficient and that the Court should require Plaintiff to file a more definite statement pursuant to FED.R.CIV.P. 12(e). Defendants argue that while it appears that Plaintiff's Complaint is "brought pursuant to Title VII of the Civil Rights Act of 1964, . . . it is impossible for [them] to provide a response for several reasons." (Defs.' Br. at 3). For example, Defendants argue that while Plaintiff's Title VII claim "is brought on the basis of race, color, age, sex and retaliation . . . plaintiff fails to provide his race, color, age

2

or sex in the complaint." (*Id*. at 3).  Further, Defendants argue that in addition to the Title VII claim, Plaintiff appears to assert "numerous other causes of action but fails to provide notification to the defendants of plaintiff's actual claims making it impossible to articulate a response."  Similarly Defendants claim that they cannot respond to Plaintiff's Complaint as drafted because while Plaintiff filed his Complaint "against five (5) named defendants[,] [he] fails to reference or provide any notification as to which defendant is alleged to have violated any one of his innumerous allegations which have been ensconced into a single continuous count." (*Id*. at 4).

Defendants also argue that Plaintiff's Complaint is devoid of any facts that would support his allegations.  In this regard, Defendants claim that Plaintiff's Complaint includes only a single "vague reference" to any fact in support of his allegations.  This reference is included in Paragraph 9 of Plaintiff's Complaint.  Defendants argue that in Paragraph 9, Plaintiff states "that 'a copy of the charge to the U.S. Equal Employment Opportunity Commission is attached as Exhibit 'A' to this complaint and is submitted as a brief statement of the facts of my claim.'" (*Id*. at 4 (quoting Pl.'s Compl. at ¶ 9)).  Defendants argue that it is not their "obligation to fill in the gaps or to guess, speculate or hypothesize as to what the plaintiff is alleging in his complaint" which is exactly would they would be forced to do if Plaintiff is permitted to attach the eighty pages of documents that make up Exhibit A "without providing a single fact in his complaint[.]" (*Id*.)  Further, Defendants argue that even were they to "attempt to decipher plaintiff's claims, [they] would still be unable to provide a lucid response as plaintiff sets forth money damages in the amount of . . . $293,000,000.00 . . . for allegations not previously set forth in the complaint." (*Id*.)

Defendants argue that they are "entitled to be apprised of the basis of plaintiff's claim and the grounds upon which he rests" before they are required to file an answer. (*Id*. at 5). Defendants argue that as plead, Plaintiff's Complaint fails to do same. Indeed, Defendants claim that "the facts asserted in the complaint are so vaguely described as to be incomprehensible and unintellegible [sic] and make it unreasonable for defendants to respond in good faith or without prejudicing themselves." (*Id*.). Therefore, Defendants request that the Court require Plaintiff to provide a more definite statement.

## II.     Analysis

Pursuant to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." While under the Court's notice pleading standard, detailed factual allegations are not needed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations and citations omitted). Thus a complaint must set forth "enough factual matter (taken as true) to suggest" the required elements of a cause of action. *Id*. at 556.

Here, Plaintiff's Complaint fails to give Defendants fair notice of the claims being brought against them. Indeed, the Complaint, itself, is almost entirely bereft of facts. Instead, Plaintiff simply lists several broad claims, such as "employment discrimination of Race, Color, Age, Sex and Retaliation, Unfairness, Underpaid, . . . Environment of Routine Harassment . . . Discriminatory Conduct . . .," etc. (Pl.'s Cmplt at ¶ 1), without including any factual allegations

that would suggest "that the pleader is entitled to relief" on same. *Twombly*, 550 U.S. at 555 (quoting FED.R.CIV.P. 8(a)(2)). For example, as Defendants note, despite Plaintiff's allegations of race, color, age and sex discrimination, Plaintiff does not identify his race, color, age or sex in the Complaint. Similarly, while Plaintiff names five separate individual defendants, he fails to identify both the specific prohibited conduct in which each Defendant allegedly engaged as well as how Plaintiff was harmed by same. The inclusion of this factual information is necessary "to raise [Plaintiff's] right to relief above the speculative level" (*Twombly*, 550 U.S. at 555) and its absence makes Plaintiff's Complaint "so vague [and] ambiguous" that Defendants "cannot reasonably prepare a response." Rule 12(e).

Further, while the Court appreciates Plaintiff's reference to Exhibit A, which was attached to the Complaint "as a brief statement of the facts of [Plaintiff's] claim[,]" the Court finds such a reference to be insufficient. (Pl.'s Compl. at ¶ 9). It is not Defendants responsibility to cull through the information included in Exhibit A in an attempt to decipher what Plaintiff claims each Defendant did and how Plaintiff was injured by that conduct. Instead, Plaintiff must include those allegations in his Complaint so that Defendants may properly respond to same. *See Francis v. Joint Force Headquarters Nat'l Guard*, Civil No. 05-4882 (JBS), 2008 WL 4560714, at *4 (D.N.J. Oct. 7, 2008) (finding that "[i]n light of the total absence of factual allegations from the Amended Complaint from which the Defendants might divine what each Defendant allegedly did to Plaintiff and how Plaintiff was harmed by such conduct . . . Defendants 'cannot reasonably prepare a response' to the allegations in the Amended Complaint. FED.R.CIV.P. 12(e).")

### III. Conclusion

For the reasons stated above, Defendants' motion for a more definite statement is GRANTED. An appropriate Order follows.

Dated: November 10, 2009

                                                s/Tonianne J. Bongiovanni
                                                **HONORABLE TONIANNE J. BONGIOVANNI**
                                                **UNITED STATES MAGISTRATE JUDGE**