**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CHRISTOPHER ALLEN, | CIVIL ACTION NO. 09-4502 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| STATE OF NEW JERSEY, et al., |  |
| Defendants. |  |

**COOPER, District Judge**

The plaintiff, Christopher Allen, brought this action against the defendants alleging claims under Title VII of the Civil Rights Act ("Title VII") for race, color, age, and sex discrimination, hostile work environment, and retaliation. (Dkt. entry no. 1, Compl. at 1.)[1]  The plaintiff further alleges deprivations of his constitutional rights under 42 U.S.C. § ("Section") 1983 and defamation.  (Id.)  The defendants now move to strike the Complaint or in the alternative to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(f) and 12(b)(6).  (Dkt. entry no. 10, Mot. to Dismiss.)  The plaintiff does not oppose the motion.  The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will (1) grant

---

[1] The plaintiff received a right to sue notice from the Equal Employment Opportunity Commission ("EEOC").  (Compl., Ex. A.)

the part of the motion seeking to dismiss as it pertains to any federal claims, (2) dismiss any state law claims without prejudice to reinstate in state court, and (3) deny the remainder of the motion without prejudice.

## BACKGROUND

The plaintiff originally brought this action in September 2009, naming the State of New Jersey, Governor Jon Corzine ("Corzine"), Patrick Reilly ("Reilly"), Linda Butler ("Butler"), Iris Figueroa ("Figueroa"), and Purificacion Flores ("Flores") as defendants.  (Compl. at 1.)  The plaintiff is an employee at the State of New Jersey's Mental Health Advocacy Department.  (Id. at 2.)  The Complaint contained very few factual allegations but appeared to stem from allegedly discriminatory and otherwise unlawful employment actions taken by the defendants against him.  (Id. at 1-3.)  The plaintiff alleged that he was underpaid, undertitled, subject to retaliation, harassment and intimidation, denied access to the promotional system at work, unfairly mistreated, forced to work in a hostile environment, defamed, and deprived of his constitutional rights.  (Id. at 1-2.)

The defendants moved for a more definite statement of the claims asserted in the Complaint pursuant to Rule 12(e).  (Dkt. entry no. 6, Mot. for More Definite Statement.)  They asserted that the plaintiff failed to allege any facts to support his allegations.  (Dkt. entry no. 6, Def. First Br. at 4.)  They

2

further asserted that the Complaint was so vague that it was incomprehensible, unintelligible, and impossible to defend against. (Id. at 2-3.) The Magistrate Judge granted this motion on November 10, 2009, concluding that the Complaint failed to give the defendants fair notice of the claims brought against them. (Dkt. entry no. 7, 11-10-09 Op.) The Magistrate Judge stated that the Complaint as written listed broad claims without including any factual allegations. (Id. at 4.) Further, the plaintiff alleged race, color, age, and sex discrimination but did not identify his race, color, age, or sex in the Complaint. (Id. at 5.) The plaintiff also failed to identify the specific prohibited conduct of each defendant or how he was harmed by the conduct. (Id.)

The plaintiff filed a more definite statement ("Statement") on December 11, 2009. (Dkt. entry no. 9, 12-11-09 Statement.) In the Statement, the plaintiff described the sixty-five exhibits attached to the original Complaint. (Id.) The Court considers the Complaint, the more definite statement, and the attached exhibits because the plaintiff bases his claims on these exhibits and the authenticity of these documents is not disputed. See Pension Ben. Guar. Corp. v. White Consol. Indust., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

The plaintiff's main allegations are that Figueroa's behavior in the office constituted harassment and created a

3

hostile work environment. He states that he complained to the EEOC because Figueroa "messed up [his] desk." (Statement at 1.) His charge to the EEOC alleges that he was discriminated against because of his race and sex. (Dkt. entry no. 1, Ex. 1, EEOC Charge.) He alleges that he was harassed because he was yelled at "a few times" and papers were in disarray on his desk. (Id.) He further states that he is underpaid and received a lower rating on his performance evaluation. (Id.) He states that he was discriminated against because he is the only male clerk and is Native American. (Id.) He complains that Figueroa puts paperwork on his desk instead of his "black shelf." (Statement at 3.) He also alleges that she throws the papers on his desk angrily. (Id. at 4.) He further states that he was assigned to check the fax machine, but no female employees were assigned such responsibility. (Id. at 8.) He alleges that this was retaliation for an earlier civil case he filed. (Id.) He also contends that Figueroa yells at him at work and this constitutes harassment and creates a hostile work environment. (Id. at 8, 11.) He further alleges that he was absent from work for three days and upon his return his desk was disorderly. (Id. at 9.) He states that he fears for his life because of Figueroa. (Id.) He further alleges that Flores yelled at him and this also constitutes harassment and creates a hostile work environment. (Compl., Ex. 51, 7-2-09 Email.) The plaintiff also alleges that

4

the defendants retaliated against him for bringing a prior action by giving him negative criticism and sending him to counseling. (Id. at 2, 17.)

The plaintiff further alleges that the statements contained in his performance evaluations were defamatory. (Id. at 21.) He also contends that an email sent to him contained defamatory statements and a separate email expressing that Flores found the plaintiff's tone to be hostile was also defamatory. (Id. at 6, 21.)

## DISCUSSION

### I.   12 (b)(6) Standard

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556

(2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

Although the plaintiff failed to oppose the motion, the Court must address the unopposed motion to dismiss on the merits. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991); see Marcial v. Rawl, No. 94-6709, 1995 U.S. Dist. LEXIS 922, at *2 n.1 (E.D. Pa. Jan. 26, 1995) (stating under Stackhouse "that a motion to dismiss is unopposed does not allow [a court] to fail to consider whether the complaint sets forth a viable cause of action").

**II.  Title VII**

Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  The plaintiff states that his action is brought pursuant to Title VII and refers to instances that he alleges created a hostile work environment and instances amounting to retaliation for filing an EEOC claim.

"[I]ndividual employees cannot be held liable under Title VII." Galm v. Gloucester County Coll., No. 06-3333, 2007 WL 2442343, at *2 (D.N.J. Aug. 22, 2007); see Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).  Suits against

6

individuals in their official capacity under Title VII are also precluded. Schanzer v. Rutgers Univ., 934 F.Supp. 669, 678 n.12 (D.N.J. 1996); Foxworth v. Pa. State Police, No. 03-6795, 2005 WL 840374, at *4 (E.D. Pa. Apr. 11, 2005) (stating "[b]ecause the only proper defendant in a Title VII case is the 'employer' pursuing such claims against individuals in their official capacities would be redundant").

### A. Retaliation

The anti-retaliation section of Title VII provides in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment or practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3a. The plaintiff, to assert a prima facie case of retaliation under Title VII, must allege that "(1) he engaged in protected activity; (2) the employer was aware of that activity; (3) the employer took some adverse action against him; and (4) the circumstances were sufficient to permit the inference that the protected activity was a contributing factor for the adverse action." Hasan v. United States Dep't of Labor, 545 F.3d 248, 251 (3d Cir. 2008). To satisfy the causation element, the plaintiff must raise the inference that the "protected activity was the likely reason for the adverse action." Ferguson v. E.I.

7

DuPont de Nemours & Co., 560 F.Supp. 1172, 1200 (D.Del. 1983). An "adverse employment action," as described in the third prima facie element, "alters the employees compensation, terms, conditions, or privileges of employment." Cortes v. Univ. of Med. & Dentistry, 391 F.Supp.2d 298, 312 (D.N.J. 2005) (citations omitted). "[T]he conduct must be serious and tangible enough to materially alter an employee's terms and conditions of employment or adversely affect her status as an employee." Id. Not everything that makes an employee unhappy 'qualifies as [an adverse employment action], for [o]therwise, minor and even trivial employment actions that an irritable, chip-on-the shoulder employee did not like would form the basis of a discrimination suit.'" Id. (citations omitted). Rather, a tangible employment action "in most cases inflicts direct economic harm." Burlington Indus. V. Ellerth, 524 U.S. 742, 762 (1998).

**B.  Hostile Work Environment**

To assert a prima facie claim of a hostile work environment, the plaintiff must demonstrate that "(1) [he] suffered intentional discrimination because of [his] status as a member of a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected [him]; (4) the discrimination would detrimentally affect a reasonable person of the same protected class in the plaintiff's position;

8

and, (5) the employer is liable under principles of respondeat superior."  Baker-Bey v. Pa. Dep't of Corr., No. 06-5490, 2008 WL 2856397, at *5 (E.D. Pa. July 23, 2008).  "Harassment is actionable under Title VII only if it is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment."  Eldeeb v. Potter, No. 08-3625, 2009 WL 4773804, at *2 (E.D. Pa. Dec. 8, 2009) (citation omitted).  The Court must "look . . . at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270-71 (2001) (citation omitted).

**III. Section 1983**

To state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV.  Current Motion**

The defendants move to dismiss the Complaint.  They state that the Complaint and Statement are insufficient and it is

9

impossible to determine what causes of action the plaintiff is seeking to plead.  (Dkt. entry no. 10, Second Def. Br. at 3.) They contend that the Statement only provides explanations of the exhibits to the original Complaint.  (Id.)  They further state that the Statement fails to comply with the Magistrate Judge's order as it does not set forth any claims but simply describes the exhibits.  (Id. at 3-4.)

The defendants contend that the Complaint alludes to discrimination and retaliation on the basis of race, color, age, and sex, which created a hostile work environment in violation of Title VII.  (Id. at 5-6.)  They state that the crux of the plaintiff's allegations are that his co-workers messed up papers on his desk, yelled at him, and threatened him with discipline due to his sex and race.  (Id. at 6.)  They contend that the pleadings fail to set forth any type of claim and seek dismissal.  (Id.)

The defendants state that the Statement fails to set forth the prohibited conduct or how the plaintiff has been harmed. (Id. at 9.)  They state that they are unable to discern the causes of action or what facts would apply to which defendant. (Id.)  They contend that neither the Complaint or the Statement allege any actions that in themselves would state a claim upon which relief could be granted.  (Id. at 13.)  They state that the plaintiff has failed to provide any factual support for his claims.  (Id. at 14.)

10

The plaintiff's allegations in the Complaint, Statement, and in the attached exhibits are insufficient to establish viable claims under Title VII and Section 1983.  The Court first notes that any claims brought against individual employees pursuant to Title VII must be dismissed as such claims are not permissible.  See Galm, 2007 WL 2442343, at *2-*3.  The plaintiff is well aware that Title VII claims cannot be brought against individual employees, as an earlier complaint filed by the plaintiff alleging similar claims was dismissed on this ground.  Allen v. N.J. Dep't of Human Servs., No. 06-5229, 2007 WL 2306664, at *4 (D.N.J. Aug. 8, 2007).  The claims brought against Corzine, Reilly, Butler, Figueroa, and Flores brought under Title VII are thus dismissed.

The plaintiff's Title VII claims against his employer are also insufficient.  The plaintiff failed to establish a prima facie case of hostile work environment.  The plaintiff's allegations are that a co-worker yelled at him and messed up papers on his desk.  The Court cannot reasonably infer from these allegations that the harassment was so severe or pervasive as to alter the conditions of his employment.  He fails to allege the severity or abusive nature of these few instances.  See Eldeeb v. Potter, No. 08-3625, 2009 WL 4673804, at *2 (E.D. Pa. Dec. 8, 2009) (dismissing Title VII hostile work environment claim where

plaintiff failed to allege facts indicating the frequency, severity, or abusive nature of the harassment alleged).

The plaintiff also fails to state a claim for Title VII retaliation. The plaintiff's allegations that he was sent to counseling, assigned to check the fax machine, and received negative remarks on his performance evaluation fail to create an inference of a causal connection between the acts he alleges were adverse and his protected activity. A plaintiff must show that "the protected activity was the likely reason for the adverse employment action." Colson v. Cablevision MFR, Inc., No. 05-5369, 2008 WL 687257, at *5 (D.N.J. Mar. 11, 2008). The plaintiff here failed to allege any facts suggesting the existence of a causal connection between the alleged adverse action and his protected activity. See Omogbehin v. Dimensions Int'l, Inc., No. 08-3939, 2009 WL 2222927, at *6 (D.N.J. July 22, 2009) (dismissing Title VII retaliation claim where plaintiff did "not allege[] any facts capable of demonstrating that a causal link exist[ed] between his protected activity and [the adverse action]"). In Omogbehin, the plaintiff, as the plaintiff here, simply asserted that the adverse action was retaliatory in nature. Id. The Court held that an allegation of retaliation without "any facts supporting the notion of causation, is unacceptably conclusory," and dismissed the claim. Id. The plaintiff here has not raised an inference that the protected

activity was the likely reason for the allegedly adverse employment actions and this claim is dismissed.

The Court will further dismiss the Complaint insofar as it asserts any claims pursuant to Section 1983 against the individual defendants in their official capacities and the State of New Jersey. See Hussein v. New Jersey, No. 09-1291, 2010 WL 376609, at *4 (Jan. 26, 2010) (dismissing a Section 1983 claim against the State of New Jersey and Corzine as the state and state officials in their official capacities are not persons for Section 1983 purposes). "As a matter of law, suits against individuals acting in their official capacities are barred by the Eleventh Amendment." Holland v. Taylor, 604 F.Supp.2d 692, 699 (D.Del. 2009).

The Court will also dismiss any additional claims brought against the individual defendants in their individual capacities under Section 1983. The court has reviewed the Complaint, the exhibits, and the Statement and finds no mention of a constitutional violation. As the plaintiff does not allege any constitutional violations in the Complaint or the Statement, he fails to state a valid claim under Section 1983. See Allen, 2007 WL 230664, at *4 (dismissing Section 1983 claim where plaintiff failed to allege any constitutional violations); Swedron v. Borough, No. 08-1095, 2008 WL 5051399, at *6 (W.D. Pa. Nov. 21, 2008) ("[A] Section 1983 claim must be premised on a specific

13

constitutional guarantee"). Further, the Court notes that the claims the plaintiff has alleged, i.e., defamation and Title VII violations would not provide for Section 1983 relief. See Siegert v. Gilley, 500 U.S. 226, 233 (1991) (stating '[d]efamation [is] . . . not a constitutional deprivation"); Charles v. Scarberry, 340 Fed.Appx. 597, 600 (11th Cir. 2009) (noting "an allegation of a Title VII violation cannot provide the sole basis for a [S]ection 1983 claim"). Thus, the claims asserted under Section 1983 against the individual defendants in their individual capacities will be dismissed.

**V.    Defamation Claim**

The Court will dismiss the claim for defamation, as it is pursuant to state law, but without prejudice to the plaintiff to recommence the action insofar as it concerns only the defamation claim in state court within thirty days of the entry of Court's Order and Judgment, as the limitations period for the cause of action is tolled by the filing of a federal complaint. See 28 U.S.C. § 1367(c)(3),(d). The Court offers no opinion on the merits or the viability of the defamation claim and will not address the part of the motion seeking dismissal of that claim.

**CONCLUSION**

The Court, for the reasons stated supra, will (1) grant the part of the motion seeking to dismiss as it pertains to any federal claims, (2) dismiss any state law claims without

prejudice to reinstate in state court, and (3) deny the remainder of the motion without prejudice.  The Court will issue an appropriate Order and Judgment.

                                        s/Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:     March 1, 2010